**Opinion filed February 6, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00209-CR

_____

### CHRISTOPHER WAYNE CLAXTON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Mitchell County, Texas**
**Trial Court Cause No. 8214**

## M E M O R A N D U M   O P I N I O N

A jury found Appellant, Christopher Wayne Claxton, guilty of sexual assault, a second-degree felony, and assessed his punishment at four years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 22.011(a)(1)(A), (f) (West Supp. 2024). The trial court sentenced Appellant accordingly. On appeal, Appellant contends that the evidence is insufficient to support his conviction. We affirm.

## Background

H.M.O.[1] was nineteen years old at the time of trial and testified that in May 2021, she was home alone when she heard a knock at the front door. She opened the door and was greeted by Appellant, whom she recognized as her mother's uncle. H.M.O. "didn't get much of a response" when she asked Appellant why he was there, but she let him inside the home, and she went back upstairs to her bedroom to lie down. H.M.O. had just begun to fall asleep when Appellant walked into her bedroom uninvited and started to undress himself. H.M.O. testified that Appellant then proceeded to take off her shorts and held her down by her wrists while he climbed on top of her and penetrated her vaginally. At some point, Appellant stopped, "ejaculated on [her] blanket," "grabbed his stuff[,] and left." H.M.O. testified that she did not remember when she first told someone that this had occurred, and that "it happened" one time.

In the months that followed the sexual assault, H.M.O. confided in four individuals: Jose Anthony Barrientos III, her ex-boyfriend; Kimberly Barrientos, her friend and Jose's sister; Heather Dixon, Jose and Kimberly's mother; and A.M., her mother. All four testified at trial.

Jose testified that H.M.O. disclosed the sexual assault to him in "June or July" 2021, first through a letter[2] and then in person. H.M.O. told Jose that her uncle "Chris" had sexually assaulted her, with the most recent incident occurring on her birthday in May. Kimberly and Heather similarly testified that H.M.O. had told

---

[1]To protect the identity of the complainant, we refer to her and her family by pseudonyms or initials. *See* TEX. CONST. art. I, § 30(a)(1) (providing that a crime victim has "the right to be treated . . . with respect for the victim's dignity and privacy throughout the criminal justice process"); *see generally* TEX. R. APP. P. 9.8 cmt. ("The rule does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases.").

[2]The letter was admitted into evidence. In the letter, H.M.O. wrote about how "Chris" had "raped [her] a few times," and that she "even started to feel that it was just [her] fault and that it was meant to happen because it had happened so many times and no one believed [her] until this last time."

them that "Chris," a relative, had "take[n] advantage of her," with the last instance occurring on her birthday. Jose, Kimberly, and Heather each maintained that H.M.O. disclosed that she had been sexually assaulted by Appellant more than once.

In late July 2021, H.M.O. outcried to her mother, A.M., who then immediately contacted local law enforcement. A.M. did not testify at trial to the details of the sexual assault, stating only that H.M.O. told her there had been an incident involving Appellant that occurred when A.M. was out of town in May, following H.M.O.'s birthday. A.M. additionally identified Appellant as H.M.O.'s second cousin and acknowledged that H.M.O. likely viewed him as an uncle.

As part of the investigation into H.M.O.'s allegations against Appellant, H.M.O. was interviewed at the Children's Advocacy Center (CAC) and thereafter taken to a nearby hospital, where she underwent a sexual assault examination. The CAC interviewer, Suni Cauthern, did not testify at trial. Stephanie Lebowitz, the sexual assault nurse examiner who conducted H.M.O.'s examination, testified as to H.M.O.'s description of what had occurred. H.M.O. informed Lebowitz that Appellant came over to her house sometime in May when she was home alone and her mom was out of town. H.M.O. assumed Appellant "was there to fix something" and let him inside. About five minutes after H.M.O. had returned to her bedroom, Appellant entered her bedroom unsolicited and stripped off his clothes. H.M.O. told Lebowitz that she "froze" as Appellant grabbed her by her wrists and began touching her body. Appellant then removed her underwear and repositioned her before he started "raping [her]." Lebowitz clarified "what rape meant to [H.M.O.]," and H.M.O. said that there was penile to vaginal penetration, and she told Lebowitz, "When [Appellant] was done, he put his pants on and left." According to Lebowitz, H.M.O. said that "it took her about a month to realize and feel what had happened to her."

*Standard of Review*

In reviewing the sufficiency of the evidence to support a conviction, we must "consider the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational juror could have found that the State has proven the essential elements of the crime beyond a reasonable doubt." *Baltimore v. State*, 689 S.W.3d 331, 341 (Tex. Crim. App. 2024) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (adopting the standard of review for a sufficiency challenge as set out by *Jackson*). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021) (quoting *Jackson*, 443 U.S. at 319). Therefore, "[i]f the record supports conflicting inferences, the reviewing court must 'presume that the factfinder resolved the conflicts in favor of the prosecution' and defer to the jury's factual determinations." *Garcia v. State*, 667 S.W.3d 756, 762 (Tex. Crim. App. 2023) (quoting *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012)). "[A] reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the factfinder by reevaluating the weight and credibility of the evidence." (quoting *Isassi v. State*, 330 S.W.3d 663, 638 (Tex. Crim. App. 2010)); *see* TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007).

Under this standard, we consider all the evidence admitted at trial, including evidence that may have been improperly admitted, and treat direct and circumstantial evidence equally. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Isassi*, 330 S.W.3d at 638; *Starks v. State*, 684 S.W.3d 868, 873 (Tex. App.—Eastland 2024, no pet.). Circumstantial evidence is as probative as direct evidence

4

in establishing a defendant's guilt and can alone be sufficient to establish the defendant's guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). "Each fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction." *Luna v. State*, 687 S.W.3d 79, 93 (Tex. App.—Eastland 2024, pet. ref'd) (citing *Hooper*, 214 S.W.3d at 13). We may not use a "divide and conquer" strategy for evaluating the sufficiency of the evidence; rather, we must consider the cumulative force of all the evidence. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015); *Mendoza v. State*, No. 11-23-00123-CR, 2024 WL 3528561, at *2 (Tex. App.—Eastland July 25, 2024, pet. ref'd) (mem. op., not designated for publication).

*Applicable Law*

We measure the sufficiency of the evidence by comparing the evidence produced at trial against "the elements of the offense as defined by the hypothetically correct jury charge." *Turley v. State*, 691 S.W.3d 612, 617 (Tex. Crim. App. 2024); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "The hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Turley*, 691 S.W.3d at 617 (citing *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 244 (Tex. Crim. App. 2019)). "The law authorized by the indictment consists of the statutory elements of the offense as modified by the indictment allegations." *Baltimore*, 689 S.W.3d at 341.

Here, Appellant was charged with sexual assault. *See* PENAL § 22.011(a)(1)(A). A person commits sexual assault if the person intentionally or

knowingly causes the penetration of another person's sexual organ without that person's consent. *Id.*

*Analysis*

In a single issue, Appellant contends that the evidence is insufficient to support his conviction because (1) H.M.O.'s testimony was "inconsistent and contradictory to each person that she told her version of events to," and (2) no physical evidence exists to corroborate H.M.O.'s claim.

The uncorroborated testimony of a victim alone is sufficient to support a defendant's conviction for a sexual assault offense. *Wishert v. State*, 654 S.W.3d 317, 328 (Tex. App.—Eastland 2022, pet. ref'd) (citing CRIM. PROC. art. 38.07); *Hernandez v. State*, 426 S.W.3d 820, 824 (Tex. App.—Eastland 2014, pet. ref'd) (applying Section 38.07 to a case where the sexual assault victim was an adult); *see also Click v. State*, No. 11-15-00102-CR, 2017 WL 2704017, at *2 (Tex. App.— Eastland June 22, 2017, no pet.) (mem. op., not designated for publication) (same). "Furthermore, corroboration of the victim's testimony by medical or physical evidence is not required." *Wishert*, 654 S.W.3d at 328; *see, e.g.*, *Perez v. State*, 695 S.W.3d 843, 849 (Tex. App.—Houston [1st Dist.] 2024, pet. ref'd) ("The State was not required to present any other witness or physical evidence to corroborate L.V.'s outcry statement.").

Here, H.M.O. testified unequivocally that Appellant sexually assaulted her in May 2021 when he came into her bedroom uninvited, held her wrists down while he undressed her, and penetrated her vagina without her consent. Her testimony, even absent physical evidence, was sufficient to support Appellant's conviction. *See Wishert*, 654 S.W.3d at 328; *see also Nigussie v. State*, No. 05-23-00442-CR, 2024 WL 4595026, at *3 (Tex. App.—Dallas Oct. 28, 2024, pet. filed) (mem. op., not designated for publication) ("Here, R.A. testified that when she was '13, maybe 14,'

appellant 'pushed [her] onto the bed and he held [her wrists] down,' [and] put 'his penis inside of [her] vagina'. . . . This testimony alone is sufficient to sustain the conviction."); *Castillo v. State*, No. 11-22-00266-CR, 2024 WL 3817317, at *3 (Tex. App.—Eastland Aug. 15, 2024, no pet.) (mem. op., not designated for publication) ("B.L. testified that [a]ppellant . . . touched her vagina[] and penetrated it . . . on or about the dates alleged in the indictment. . . . B.L.'s testimony, without more, would have been sufficient to support [a]ppellant's convictions."); *Anaya v. State*, No. 11-17-00076-CR, 2019 WL 1428612, at *3 (Tex. App.—Eastland Mar. 29, 2019, no pet.) (mem. op., not designated for publication) ("Based upon A.I.'s testimony alone, a rational trier of fact could have found beyond a reasonable doubt that [a]ppellant engaged in sexual contact with A.I. by touching her genitals and by causing A.I. to touch [a]ppellant's genitals.").

In the months that followed the sexual assault, H.M.O. shared her account with her mother, then-boyfriend, friend, friend's mother, CAC interviewer, and sane nurse examiner. While we recognize inconsistencies in the various statements regarding what H.M.O. may have said about Appellant's exact relationship to her family, the frequency with which she had been sexually assaulted by Appellant, and the precise date of the assault in May, with regard to the single sexual assault for which Appellant was indicted, her testimony regarding how the sexual assault occurred is consistent. In any event, we presume that the jury resolved any inconsistencies in favor of the prosecution, and we defer to their factual and credibility determinations. *See Garcia*, 667 S.W.3d at 762; *see also Luna v. State*, No. 11-22-00259-CR, 2024 WL 3056135, at *4 (Tex. App.—Eastland June 20, 2024, no pet.) (mem. op., not designated for publication); *Anaya*, 2019 WL 1428612, at *3.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have reasonably found the essential elements of the offense for which Appellant was convicted. *See Jackson*, 443 U.S. at 319; *Baltimore*, 689 S.W.3d at 341. Accordingly, we overrule Appellant's sole issue.

## *This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


February 6, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.